Andrew Dimitriou (SBN 187733)
Dimitriou & Associates, PC
351 California Street, Suite 300
San Francisco, CA  94104
Telephone:  (415) 434-1144
Facsimile:  (415) 434-1155
andrew@dimitrioulaw.com

Rory C. Quintana (SBN 258747)
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Telephone:  (415) 504-3121
Facsimile:  (415) 233-8770
rory@qhplaw.com

*Attorneys for Plaintiff Christos Tryfanos*

## IN THE UNITED STATES DISTIRCT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOS TRYFANOS, an individual<br><br>Plaintiff,<br><br>v.<br><br>SPLUNK, INC., a Delaware corporation; and Does 1-10, inclusive;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR: FAILURE TO PAY ALL WAGES UPON TERMINATION OF EMPLOYMENT (Cal. Labor Code §§ 201-203); BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; and REQUEST FOR DECLARATORY RELIEF.**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff CHRISTOS TRYFONAS (herein "Plaintiff" or "TRYFONAS"),  for claims for relief against Defendant SPLUNK, INC. (herein "Defendant" or "SPLUNK") alleges:

## NATURE OF THIS ACTION

1.      This is an action for relief from Defendant's Breach of Contract specifically arising

- 1 -

from Defendant's failure to pay Plaintiff pursuant to the express terms of the support and holdback agreement between Plaintiff and Defendant.

## PARTIES

2.      Plaintiff Christos Tryfonas is a citizen of both the United States and Greece who currently resides in Greece.

3.      Defendant Splunk, Inc. is a Delware corporation registered in and doing business throughout the State of California under corporation number C2877351.  It is headquartered at 250 Brannan Street, San Francisco, California and has approximately 1,700 employees.

4.      This Court has personal jurisdiction over Defendant because Defendant purposefully avails itselves of the privileges of conducting activities in the state of California and has established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

5.      Defendant has had and continues to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over Defendant.

6.      Defendant advertises, employs workers, maintains offices and contracts with businesses in California.

7.      The causes of action listed in this Complaint arose from or relates to a contract formed in California.

8.      The causes of action listed in this Complaint arose from or relate to work done in California for which Defendant owes wages.

9.      Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiff, and who therefore are sued by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities once ascertained.  Plaintiff is informed and believes that each of the fictitiously-named Doe defendants, including any such defendants that may be the agents, representatives, or parent or subsidiary corporations of the named Defendant, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein and that the harm suffered by Plaintiff were proximately caused by them in addition to Defendant.

10.      Plaintiff is informed and believes and thereon alleges that each of the Defendants,

- 2 -

including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

11.     The damages in this matter exceed $75,000 and, as there is diversity of citizenship between the Plaintiff and Defendant, this matter is thus properly submitted to the Northern District of California Federal Court pursuant to 28 U.S.C. § 1332.

12.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 (b), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

13.     Pursuant to Northern District Local Rule 3-2 (c) & (d) this action should be assigned to San Francisco as the actions giving rise to Plaintiff's claims took place in the City and County of San Francisco.

## FACTUAL ALLEGATIONS

14.     Plaintiff was a founder and shareholder of Caspida, Inc. (herein "Caspida")

15.     In or around July 2015, Defendant acquired Capsada for approximately $190 million, including $127 million in cash and $63 million in restricted Splunk securities.

16.     Plaintiff's share of Splunk's purcahse was approximately 14%.

17.     As part of the transaction Plainitff signed a series of agreements, including without limitation:  (1) a restricted stock agreement; (2) an  employment offer letter; (3) a non-compete and non-competition agreement;  and (4) a so-called, "Support and Holdback Agreement" (herein "SH Agreement") (collecetively Agreements).

18.     Per the terms of Defendant's offer letter to Plaintiff, Plaintiff's employment was construed as at-will.  As an express part of his compensation, Plaintiff was entitled to restricted stock units (herein "RSU's").

19.     Beginning in January 2016, Plaintiff's RSU's vested every three months on the tenth of the month pursuant to Schedule I of the SH Agreement.  As expressed in Schedule I of the SH Agreement (herein "Schedule I"), attached hereto as Exhibit A, in the event of a "Qualifying

- 3 -

Termination" Plaintiff's RSU's were to vest pursuant to an "Accelerated Vesting Schedule

20.    Pursuant to Schedule I, "Qualifying Termination" means, "a termination of the Stockholder's employment with a Purchaser Employer without Cause or by reason of Stockholder's death or Disability." Schedule I goes on to define "Cause" as: (1) failure to materially perform his duties; (2) failure to comply with obligations of the many Agreements signed by Plaintiff; (3) conviction or plea of no contest to a felony or crime involving moral turpitude; (4) engaging in gross negligence or willful misconduct; (5) committing fraud against Defendant; (6) any other misconduct that would have an adverse impact on Defendant; (7) breach of Defendant's invention assignment and confidentiality agreement; (8) failure to comply with California Labor Code section 2856; and (9) violation of Defendant's code of conduct and other policies.Defendant did not define "resignation" and did not list resignation as a for "Cause" termination of employment.

21.    A Qualified Termination is **any other** termination of Plaintiff's employment other than those for "Cause".

22.    Schedule I states that "[i]n the event of a Qualifying Termination. . . a number of the remaining unvested Stockholder Purchaser Shares equal to twenty-five (25%) of the Stockholder Purchaser Shares shall vest. . ."

23.    After approximately 10 months of complaints regarding his employment, including without limitation, interference with his ability to perform his work,  Plaintiff tendered his resignation on or about October 31, 2016.  Plaintiff offered to, and did continue to work until approximately November 15, 2016.

24.    After rejecting Plaintiff's resignation date, and after several weeks of attempts to resolve Plaintiff's issues with Defendant,  Defedant informed Plaintiff that his last day was December 9, 2016.

25.    Defendant did not pay Plaintiff his last paycheck until approximately December 15, 2016.

26.    Defendant refused to pay Plaintiff the unvested shares owed to Plaintiff for a qualified termination from Splunk.

27.    As a part of Plaintiff's compensation, Defendant paid Plaintiff a bonus which was earned and paid on a quarterly basis. Plaintiff was entitled to at least a pro-rata share of his fourth

- 4 -

**COMPLAINT FOR DAMAGES**

quarter bonus and Defendant failed to pay that bonus to Plaintiff.

## FIRST CLAIM FOR RELIEF
### Failure to Pay Waiting Time Penalties
### (Cal. Lab. Code §§ 201-203)

28.     Plaintiff  re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

29.     At all times relevant to this action, Plaintiff was employed by Splunk within the meaning of the California Labor Code.

30.     California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

31.     California Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

32.     California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

33.     Defendant has willfully failed and refused to timely pay compensation and wages, including unpaid bonus pay to Plaintiff  whose employment terminated on December 9, 2016.

34.     Defendant willfully failed to pay Plaintiff his wages within the time prescribed by law and therefore Plaintiff is entitled to waiting time penalties pursuant to Labor Code section 203 equal to a days wage for each day he was required to wait for his wages up to thirty days.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

35.     Plaintiff  re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

36.     Plaintiff entered into a Merger Agreement with Splunk, Inc. which was made part of the Agreements.

37.     The Agreements provided that Plaintiff would receive an accelerated vesting of

- 5 -

unvested shares in the event of a qualified termination.

38.     This was a material inducement for Plaintiff to sign the Merger Agreement and the Agreements for the sale of his company to Splunk.

39.     Defendant breached the Agreements by failing to pay or provide the stock promised pursuant to the Merger Agreement and the Agreements.

40.     As a direct result of Defendant's breach, Plaintiff has been damaged in an amount which will be shown at trial.

### THIRD CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

41.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

42.     Defendant breached the implied covenant of good faith and fair dealing by breaching the agreement with bad faith and with the motive of intentionally frustrating and preventing Plaintiff from receiving the benefit and enjoyment of their contractual rights. According to the terms of their agreement, Defendant would pay or provide accelerated stock vesting upon a qualified termination.

43.     Defendant engaged in bad faith acts that prevented and impeded Plaintiff from performing his obligations under the contract.

44.     These bad faith acts include but are not limited to Defendant ignoring all of Plaintiff's requests for the accelerated stock, terminating Plaintiff one day before a vesting trigger date.

45.     As a result of Defendant's bad faith acts, Plaintiff has suffered damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Relief)

46.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

47.     An actual controversy has arisen and now exists between Plaintiff and Splunk regarding the mutual obligations regarding stock vesting, non-compete and other related issues realting to the Merger Agreement and Agreements.

48.     The nature of this cause of action is for a declaratory judgment under Section 2201

- 6 -

of the Judicial Code (28 U.S.C. § 2201)2 for the purpose of determining a question in actual controversy between the parties, namely, the question of the validity of the Merger Agreement and Agreements.

49.     Plaintiff signed written agreements on or about July 9, 2015 which imposed restrictions on his ability to work across the entire globe, as well as any type of business which Splunk operated or anticipated operating,  communicate with colleagues, and impose restrictions on contacting or soliciting 'Customers' which is defined as customers of Caspida which no longer has any customers.

50.     These restrictions impose significant unreasonable burdens as drafted, and create confusion.  Further, Plaintiff contends that these provisions restrain him from engaging in a lawful profession, trade or business and are therefore illegal, void and unenforceable under California Business and Profressions Code § 16600.

51.     Specifically, a judicial determination that the non-compete and non-solicitation are invalid.

52.     A judicial declaration is necessary and appropriate at this time under all the circumstances.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1.     A judgment awarding penalties pursuant to California Labor Code § 203;

2.     An order requiring Defendant to pay restitution of all amounts owed to Plaintiff , in an amount according to proof, pursuant to California Business and Professions Code section 17203;

3.     A judgment ordering Compensatory damages according to proof;

4.     Pre-judgment interest on all sums collected;

5.     Declaratory relief regarding the non-compete and non-solicitation provisions of the Agreements.

6.     Such other and further relief as the Court may deem appropriate.

///

///

///

COMPLAINT FOR DAMAGES

1

## DEMAND FOR A JURY TRIAL

2       Plaintiff demands trial by jury of all claims and causes of action so triable.

3

4   Date: March 15, 2017                 DIMITRIOU & ASSOCIATES, P.C.

5

6                                       By: _____

7                                           Andrew Dimitriou

                                    *Attorneys for Plaintiff Christos Tryfanos*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**