LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
HANNAH A. WITHERS (STATE BAR NO. 292648)
hwithers@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Attorneys for Defendant
SPLUNK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOS TRYFONAS, an individual, | Case No. 3:17-CV-01420-HG |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| SPLUNK INC., a Delaware corporation; and Does 1-10, inclusive; | |
| Defendants. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 6
II. FACTS ALLEGED IN THE COMPLAINT ..................................................................... 8
III. PLAINTIFF'S CLAIMS ..................................................................................................... 10
IV. ARGUMENT ....................................................................................................................... 10
    A. Legal Standard ......................................................................................................... 10
V. ARGUMENT ....................................................................................................................... 11
    A. Plaintiff's Second Claim for Breach of Contract Fails As A Matter of Law. ........ 11
    B. Plaintiff's Claim for Breach of The Implied Covenant of Good Faith and Fair Dealing Fails. ................................................................................................. 13
    C. Plaintiff's Claim for Failure to Pay All Wages Upon Termination of Employment Fails .................................................................................................... 15
    D. Plaintiff's Request for Declaratory Relief Fails ...................................................... 16
VI. CONCLUSION .................................................................................................................... 17

Orrick, Herrington &
Sutcliffe LLP
Attorneys At Law
Silicon Valley

- i -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advertiser Publishing Co. v. Fase*,
 279 F.2d 636 (9th Cir. 1960)..................................................................................................8

*AIU Ins. Co. v. Sup. Ct.*,
 51 Cal. 3d 807.........................................................................................................................7

*Anderson v. Badger*,
 84 Cal. App. 2d 736 (1948)...................................................................................................11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)............................................................................................................1, 2

*Ball State Univ. v. United States*,
 488 F.2d 1014 (Ct. Cl. 1973)..................................................................................................5

*Bank of the West v. Sup. Ct.*,
 2 Cal. 4th 1245 (1992) ............................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)............................................................................................................1, 2

*Bibrey v. Brown*,
 738 F. 2d 1462 (9th Cir. 1984).............................................................................................15

*Bolt v. Merrimack Pharmaceuticals, Inc.*,
 503 F.3d 913 (9th Cir. 2007)..................................................................................................5

*Branch v. Tunnell*,
 14 F.3d 449 (9th Cir. 1994)................................................................................................3, 4

*Brandwein v. Butler*,
 218 Cal. App. 4th 1485 (2013) ...............................................................................................9

*Cachil Dehe Band of Wintun Indians v. California*,
 618 F.3d 1066 (9th Cir. 2010)................................................................................................5

*Carson v. Mercury Ins. Co.*,
 210 Cal. App. 4th 409 (2012) .................................................................................................9

*County of Marin v. Assessment Appeals Bd. of Marin County*,
 64 Cal. App. 3d 319 (1976)..................................................................................................10

*Davis v. HSBC Bank Nevada, N.A.*,
 691 F.3d 1152 (9th Cir. 2012)................................................................................................4

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

*DeGuere v. Universal City Studios, Inc.*,
   56 Cal. App. 4th 482 (1997) .................................................................................................5

*Digerati Holdings, LLC v. Young Money Entertainment, LLC*,
   194 Cal. App. 4th 873 (2011) ..............................................................................................12

*Dimick v. Schiedt*,
   293 U.S. 474 (1935) ..............................................................................................................3

*Dorsey v. Portfolio Equities, Inc.*,
   540 F.3d at 338 .....................................................................................................................4

*Dyna-Med, Inc. v. Fair Emp't & Hous. Comm'n*,
   43 Cal. 3d 1379 (1987) .........................................................................................................8

*Firestone Tire & Rubber Co. v. United States*,
   444 F.2d 547 (Ct. Cl. 1971) ..................................................................................................5

*Foley v. Interactive Data Corp.*,
   47 Cal. 3d 654 (1988) .........................................................................................................13

*General Casualty Co. v. Azteca Films, Inc.*,
   278 F.2d 161 (9th Cir 1960) .................................................................................................8

*Guz v. Bechtel National, Inc.*,
   24 Cal. 4th 325 (2000) ..................................................................................................13, 14

*Halvorsen v. Aramark Unif. Servs., Inc.*,
   65 Cal. App. 4th 1383 (1998) .............................................................................................13

*Hol-Gar Mfg. Corp. v. United States*,
   351 F.2d 972 (Ct. Cl. 1965) ..................................................................................................5

*Howe v. American Baptist Homes of the West, Inc.*,
   169 Cal. Rptr. 418 (1980) .....................................................................................................5

*Insurance Co. of Pennsylvania v. Associated Int'l Ins. Co.*,
   922 F.2d 516 (9th Cir. 1991) ................................................................................................8

*Kenneth Reed Constr. Corp. v. United States*,
   475 F.2d 583 (Ct. Cl. 1973) ..................................................................................................5

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ..............................................................................................4

*Landucci v. State Farm Insurance Company et al.*,
   5:14-cv-00789-LHK (N.D. Cal. Aug. 12, 2014) ..................................................................3

*Lloyd's Underwriter's v. Craig &Rush, Inc.*,
   26 Cal. App. 4th 1194 (1994) ...............................................................................................7

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

*Lowenthal v. Quicklegal, Inc.*,
　　Case No. 16-cv-03237-LB (N.D. Cal. September 28, 2016) ...................................................... 3

*Meter v. Benko*,
　　55 Cal. App. 3d 937 (1976) .................................................................................................... 12

*Moss v. U.S. Secret Serv.*,
　　572 F.3d 962 (9th Cir. 2009) ..................................................................................................... 2

*Parrino v. FHP, Inc.*,
　　146 F.3d 699 (9th Cir. 1998) ..................................................................................................... 4

*Pashman v. Aetna Ins. Co.*,
　　2014 WL 3571689 (N.D. Cal. July 18, 2014) ......................................................................... 14

*Penthouse International, Ltd. v. Barnes*,
　　792 F.2d 943 (9th Cir.1986) ...................................................................................................... 8

*The Ratcliff Architects v. Vanir Const. Management*,
　　88 Cal. App. 4th 595 (2001) .................................................................................................... 10

*Roden v. AmerisourceBergen Corp.*
　　(2007) 155 Cal. App. 4th 1548 ................................................................................................. 3

*Rude v. Nelson's Marine, Inc.*,
　　Case No. 5:04-0553-JSW, 2004 WL 2623988 (N.D. Cal. July 2, 2004) ................................... 3

*Schachter v. Citigroup*,
　　47 Cal. 4th 610 (2009) ............................................................................................................ 12

*Shell v. Schmidt*,
　　164 Cal. App. 2d 350 (1958) .............................................................................................11, 12

*Sony Computer Entm't Am., Inc. v. Am. Home Assurance Co.*,
　　532 F.3d 1007 (9th Cir. 2008) ................................................................................................... 7

*Superior Dispatch, Inc. v. Insurance Corp. of New York*,
　　176 Cal. App. 4th 12 (2009) ..................................................................................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
　　551 US 308 (2007) .................................................................................................................... 3

*Third Story Music, Inc. v. Waits*,
　　41 Cal. App. 4th 798 (1995) .................................................................................................... 13

*Tilley Constructors v. United States*,
　　15 Cl. Ct. 559 (1988) ................................................................................................................ 5

*TRB Investments, Inc. v. Fireman's Fund Ins. Co.*,
　　145 P.3d 472 (Cal. Nov. 13, 2006) ........................................................................................... 7

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

*Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*,
   457 F.3d 1106 (9th Cir. 2006) ................................................................................................ 8

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) .................................................................................................. 4

*Weddington Prods., Inc. v. Flick*,
   60 Cal. App. 4th 793 (1998) ................................................................................................ 12

*Wei Suen v. Demas Wai Yan*,
   381 B.R. 747 (N.D. Cal. Dec. 12, 2007) ................................................................................ 3

*Wolf v. Walt Disney Pictures and Television*,
   162 Cal. App. 4th 1107 (2008) .............................................................................................. 5

*Wood v. Scottsdale Indem. Co.*,
   467 Fed. Appx. 653 (9th Cir. 2012) ....................................................................................... 7

**Statutes**

Cal. Bus. & Prof. Code § 16601 ................................................................................................ 15

Cal. Civ. Code § 1060 ................................................................................................................ 15

Cal. Civ. Code § 1580 ................................................................................................................ 12

Cal. Civ. Code § 1638 .................................................................................................................. 5

Cal. Civ. Code § 1639 .................................................................................................................. 5

Cal. Civ. Code § 1641 ............................................................................................................ 9, 10

Cal. Civ. Code § 1643 ................................................................................................................ 10

Cal. Civ. Code § 1644 .................................................................................................................. 7

Cal. Civ. Code § 1650 .................................................................................................................. 8

Cal. Civ. Code § 1652 .......................................................................................................... 10, 11

Cal. Evid. Code § 310(a) ............................................................................................................. 3

California Labor Code Sections 200-202, 218 ......................................................................... 14

California Labor Code Section 2856 .......................................................................................... 2

California Unemployment Insurance Code § 1256 ..................................................................... 6

CUIC Section 1256-3(b) .............................................................................................................. 6

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

**Other Authorities**

Rule 12(b)(6) ................................................................................................................. 4, 16

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

## NOTICE OF MOTION AND MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF CHRISTOS TRYFONAS AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 24, 2017 at 2 p.m., or as soon thereafter as the matter may be heard, before the Honorable Haywood Gilliam, United States District Court, Northern District of California, Defendant Splunk Inc. will and hereby does move for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's claims fail as a matter of law as they fail to meet the pleading standard established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, the Complaint requests the Court to interpret the contract in a way that is unsupported by the plain language of the contract and Plaintiff's Complaint is devoid of the facts required to show an entitlement to any relief.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, any reply brief filed in support of this motion, the papers on file in this action, oral argument at the hearing, and any other matters that the Court may properly consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Christos Tryfonas was a founder and major shareholder in Caspida, Inc. ("Caspida"). Defendant Splunk Inc. ("Splunk") purchased Caspida for $190 million. Plaintiff was paid handsomely for this acquisition. For his ownership interest, Plaintiff was allocated approximately 14% of the purchase price, which included both cash and restricted shares of Splunk common stock that vested over time upon continued employment.[1]

---

[1] Plaintiff alleges in his Complaint that he was granted Restricted Stock Units ("RSUs"). As evidenced by the terms in the Merger Agreement and supporting Restricted Stock Agreement, this is incorrect, he was in fact granted restricted shares of Splunk common stock.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

As evidenced by the Merger documents incorporated by reference in Plaintiff's complaint, retaining Plaintiff as an employee was a key goal of the acquisition. Plaintiff was listed as one of the top three employees at the company, and his joining Splunk as an employee was a condition and material inducement to the willingness of Splunk both to enter into the Merger Agreement and to close the acquisition. The acquisition was structured with a balloon payment to Plaintiff, such that a significant portion of the Restricted Stock (stock that is not fully transferable until certain conditions have been met) did not vest until the end of the 3.5 year vesting period, in order to incentivize Plaintiff to remain employed at Splunk. The Support and Holdback Agreement provided, among other things, for accelerated vesting of 25% of the Restricted Stock granted to Plaintiff if Splunk terminated Plaintiff's employment without cause. The acquisition also included a non-competition agreement, signaling the importance of Plaintiff's retention at Splunk.

Had Plaintiff chosen to stay at Splunk throughout the 3.5 year vesting period, all Restricted Stock that had been granted to him would have fully vested. Instead, Plaintiff chose to resign. Splunk never terminated him. Yet, even though he received millions of dollars in cash and equity from the acquisition, Plaintiff wants more. Despite clear and unambiguous contractual language, Plaintiff contends that Splunk must treat his resignation as a termination without cause and accelerate 25% of the unvested Restricted Stock, notwithstanding his resignation. He also seeks to be relieved of his obligations under his non-compete.

Plaintiff's claims are meritless on their face. This Court need not wait until summary judgment or trial to adjudicate all of the counts in Plaintiff's Complaint because:

- Plaintiff's Support and Holdback agreement clearly and unambiguously provides that he receives accelerated vesting only if Splunk terminates his employment for cause or by reason of death or disability. There is no benefit if he resigns, and Plaintiff admits he resigned. Plaintiff is asking the Court to revise the Agreement to insert language which does not exist.

- Plaintiff's implied covenant claim is redundant of his breach of contract claim.

- Plaintiff's waiting time penalties claim is wholly dependent on his contract claim, which

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

- fails.
- Plaintiff's declaratory judgment claim fails because, based on the facts alleged in the Complaint, Plaintiff's non-compete is valid and unenforceable under California Business & Professions Code section 16601 as a matter of law.

To the extent Plaintiff protests the foregoing, the facts alleged in Plaintiff's claims are so insufficient that they fail to meet the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) and, for this additional reason, the Court should dismiss Plaintiff's' claims. The Court should grant this motion.

## II. FACTS ALLEGED IN THE COMPLAINT

Plaintiff was a founder and shareholder of Caspida. Compl. ¶¶ 14-15. In July 2015, Splunk acquired Caspida for approximately $190 million. *Id*. ¶¶ 14-16. Plaintiff was identified in the Merger Agreement as among the top three key employees at Caspida. Ex. 1 (Agreement and Plan of Merger), Exhibit C, E. In connection with the acquisition, Plaintiff transferred his entire ownership interest in Caspida to Splunk. Ex. 1 (Agreement and Plan of Merger). Plaintiff was allocated approximately 14% of the purchase price in both cash and Restricted Stock, which shares were intended to vest over the 3.5 year vesting period. Compl. ¶ 16; Ex. 1 (Agreement and Plan of Merger); Ex. 2 (Support and Holdback Agreement); Ex. 4 (Restricted Stock Agreement).

Upon the acquisition, Splunk hired Plaintiff as an at-will employee. Compl. ¶ 18. In connection with the transaction, Plaintiff signed (1) a Restricted Stock Agreement; (2) an Employment Offer Letter; (3) a Non-Competition Agreement; and (4) a "Support and Holdback Agreement" (herein "SH Agreement") (collectively "Agreements"). *Id*. ¶ 17, *See* Ex. 1 (Merger and Acquisition Agreement); Ex. 2 (SH Agreement); Ex. 3 (Non-Competition and Non-Solicitation Agreement); Ex. 4 (Restricted Stock Agreement).[2]

---

[2] Although Plaintiff did not attach these agreements to his Complaint, he has incorporated them by reference. Accordingly, defendant may submit them with this motion to dismiss, and the Court may consider them. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 US 308, 322 (2007) (court ruling on motion to dismiss must consider entire complaint and other sources incorporated by reference as well as judicially noticeable matters).

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

Pursuant to the terms in these agreements, Plaintiff was granted a large number of shares of Restricted Stock, which were to vest according to a 3.5 year vesting schedule. Compl. ¶¶ 18-19; Ex. 2 (SH Agreement); Ex. 4 (Restricted Stock Agreement). In the event of a "Qualifying Termination," Plaintiff's Restricted Stock was to vest in accordance with an "Accelerated Vesting Schedule." Compl. ¶ 19, Ex. 2 (SH Agreement).

A "Qualifying Termination," as defined in the SH Agreement, means, "a **termination** of the Stockholder's employment with a Purchaser Employer without Cause or by reason of Stockholder's death or disability." Compl. ¶ 20 (emphasis added), Ex. 2, (SH Agreement), Schedule I. "Cause" includes:

> (a) the Stockholder's unreasonable failure to materially perform the duties of his position; (b) the Stockholder's failure to comply with his obligations under any agreement executed by him in connection with the transactions contemplated by the Merger Agreement; (c) the Stockholder's conviction of or plea of nolo contendere to a felony or a crime involving moral turpitude; (d) the Stockholder engaging in an act of gross negligence or willful misconduct in the performance of his employment obligations and duties; (e) the Stockholder committing an act of fraud against, material misconduct or willful misappropriation of property belonging to Purchaser or any other Purchaser Employer; (f) the Stockholder engaging in any other misconduct that has had or will have an adverse effect on Purchaser's or any other Purchaser Employer's reputation or business; (g) the Stockholder's breach of the Employee Invention Assignment and Confidentiality Agreement signed by the Stockholder or any other unauthorized misuse of Purchaser's or any other Purchaser Employer's or a third party's trade secrets or proprietary information; (h) the Stockholder's failure to comply with California Labor Code Section 2856; or (i) the Stockholder violating Purchaser's written Code of Conduct or any policy.

*Id*. In the event of a Qualifying Termination, "twenty-five (25%) of the Stockholder Purchaser Shares shall vest". Compl. ¶ 20, 22, Ex. 2, Schedule 1 (SH Agreement).

Splunk never terminated Plaintiff's employment. Rather, on October 31, 2016, Plaintiff tendered his resignation. Compl. ¶ 23. Plaintiff's last day of work was December 9, 2016. *Id*, ¶ 24. Because Plaintiff resigned, under the plain terms of the SH agreement no unvested Restricted Stock was eligible for, and did not, accelerate. *Id*. ¶ 26.

Plaintiff signed the non-competition agreement on July 9, 2015. Ex. 4, p. 1 (Non-Competition and Non-Solicitation Agreement). The non-competition agreement specifies that it is entered into as a condition and mutual inducement to close the transaction because Plaintiff, as

a major stockholder of and key employee of Caspida, has detailed knowledge of the business being acquired. *Id*. The non-competition agreement is limited to restricting Plaintiff from participating in activities that compete with Splunk's business for 3.5 years. *Id.* p. 2.

## III. PLAINTIFF'S CLAIMS

Plaintiff filed this lawsuit on March 16, 2017 and served Splunk on May 17, 2017. Plaintiff contends that his resignation from Splunk constituted a Qualifying Termination, and therefore triggered accelerated vesting of 25% of the remaining unvested portion of the Restricted Stock that he had been granted. Plaintiff claims that Splunk wrongfully denied him accelerated vesting. Based on these allegations, Plaintiff brings three counts including, (1) late payment of final pay, in violation of California Labor Code sections 201, 202 and 203; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing.

Separately, Plaintiff requests declaratory relief relating to the non-competition agreement claiming that it "impose[s] significant unreasonable burdens" and that it "restrain[s] him from engaging in a lawful profession, trade or business". Plaintiff seeks a declaratory judgment that the Court render it void and unenforceable.

As explained below, all of Plaintiff's claims fail as a matter of law and the Court should dismiss them.

## IV. ARGUMENT

### A. Legal Standard

To survive a motion to dismiss under 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 697; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief"). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

## V. ARGUMENT

### A. Plaintiff's Second Claim for Breach of Contract Fails As A Matter of Law.

Plaintiff's Second Count claims that Splunk breached the SH Agreement with Plaintiff by not accelerating 25% of the unvested Restricted Stock when he voluntarily resigned. This claim fails based on the plain meaning of Plaintiff's SH Agreement.

The meaning of contractual terms is a legal question determined solely by reference to the contract itself. Cal. Civil Code, § 1639 ('[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible'); *Cachil Dehe Band of Wintun Indians v. California*, 618 F.3d 1066, 1073 (9th Cir. 2010) (citing *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th 1107, 1125-26 (2008)). A court should employ a "plain meaning" analysis in any contract dispute to determine meaning. *Bolt v. Merrimack Pharmaceuticals, Inc.*, 503 F.3d 913, 916 (9th Cir. 2007) (Citing the Restatement (Second) of Contracts § 202(3) in support, the court recognized the general aphorism that, where the language of the contract is not ambiguous, words are to be given their plain meaning or their well-established meaning.). To determine the meaning of the term, the court should examine the four corners of the written instrument to determine the intent of the parties. *Hol-Gar Mfg. Corp. v. United States*, 351 F.2d 972, 976 (Ct. Cl. 1965). When the meaning of a term is clear and unambiguous, the court may grant a motion to dismiss. *See e.g. AMC Technology, LLC v. Cisco Systems, Inc.*, 2012 WL 6487, *19 (N.D. Cal. Jan. 20, 2012).

Here, Plaintiff's SH Agreement is clear on its face that he is not entitled to accelerated vesting if he resigns. A "Qualifying Termination" that would entitle Plaintiff to accelerated vesting includes, "a **termination** of the Stockholder's employment with a Purchaser Employer **without Cause** or by reason of Stockholder's death or disability" (emphasis added). The clear meaning of "termination" is a non-voluntary "dismissal from employment." *See* Oxford English Dictionary (2d ed. 2000) ("dismissal from employment"); https://en.oxforddictionaries.com/ (termination is "an act of dismissing someone from employment").[3] Indeed, Courts understand

---

[3] *See Metro One Telecommunications Inc. v. Commissioner*, 704 F.3d 1057, 1061, (9th Cir. 2012) ("To ascertain the plain meaning of terms, we may consult the definitions of those terms in popular

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

that a "termination" of employment is an involuntary act carried out by the employer in ending the employment relationship. *See Gore v. Reisig*, 213 Cal. App. 4th 1487, 1493 (2013) ("At the point in time that an employee leaves employment, he or she falls into one of three categories — a resigned employee, a terminated employee, or a retired employee"); *cf. Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 325, 327 (2000) (court discusses "termination" in a claim for wrongful termination as being entirely about the action of the employer ending the employment relationship).

This clear meaning of "termination" in the SH Agreement is underscored by the words that modify it, which the Court must consider. Cal. Civ. Code 1641 ("the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."); *The Ratcliff Architects v. Vanir Const. Management*, 88 Cal. App. 4th 595, 601 (2001). Under the SH Agreement, Plaintiff is only entitled to acceleration if there is a "termination… *without Cause*" or by reason of death or disability. Ex. 2 (SH Agreement). The "Cause" definition includes various reasons why an *employer* might terminate an employee, such as failure to perform duties or conviction of a crime, but not a reason why an employee would quit. *Id.* If Plaintiff is able to trigger accelerated vesting by resigning, then the words "without Cause" and the entire definition of "Cause" would become redundant as surplusage. A contract "must be interpreted as a whole, with each clause aiding the interpretation in the attempt to give purpose to every part, and the interpretation should, where possible, give effect to every part so that no clause is redundant." *Marder v. Lopez*, 450 F.3d 445, 452 (2006) (citing *Super 7 Motel Assocs. v. Wang*, 20 Cal.Rptr.2d 193, 197 (1993)). Indeed, it would be absurd to equate "termination… without Cause" with "resignation…without Cause" given the definition of "Cause."

A "resignation" occurs when an employee ends his or her own employment. Oxford English Dictionary (2d ed. 2000) ("the action or fact of resigning from one's employment").

---

dictionaries."); *Af-Cap, Inc. v. Chevron Overseas* (Congo) Ltd., 475 F.3d 1080, 1088 (9th. Cir. 2007) ("When determining the plain meaning of language, we may consult dictionary definitions.")

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

Plaintiff's agreements do not provide for any benefit if he resigns, only if he is terminated without Cause. Plaintiff admits in his complaint that he "tendered his **resignation** on or about October 31, 2016" (emphasis added). Compl. ¶ 23. Accordingly, as a matter of law, his claim for breach of contract must fail, and the Court should dismiss it with prejudice.

Further, Plaintiff's proposed interpretation of the contract is implausible under *Iqbal* and *Twombly*. Plaintiff must allege enough facts in his complaint to demonstrate a plausible, as opposed to a possible, entitlement to relief in order to satisfy the requirements of FRCP 8. *Iqbal*, 566 U.S. at 678-80. Conclusory statements that merely parrot statutory language do not meet this heightened pleading requirement. *Id.* at 676. In determining if Plaintiff's claim is plausible, first, the court must disregard conclusory or bold allegations. *Id.* at 678-80. Second, the court must examine the plausibility of the remaining allegations to determine whether the allegations suggest a violation of Plaintiff's substantive rights. *Id.*

Here, Plaintiff's allegation that his resignation should be treated as a "termination" without "cause" under the contract is a conclusory allegation that the court must disregard. Once it does, it is clear based on the plain meaning of the SH Agreement that Plaintiff's breach of contract claim is implausible because the SH Agreement triggers accelerated vesting only upon the company's termination without cause or by reason of death or disability. Plaintiff has not alleged any facts supporting why his resignation should be treated as a termination by the company. Accordingly, the Court should dismiss for this reason as well.

### B. Plaintiff's Claim for Breach of The Implied Covenant of Good Faith and Fair Dealing Fails.

The Court should dismiss Plaintiff's Third Count for breach of the implied covenant of good faith and fair dealing because it is duplicative of his breach of contract claim. Where "breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous." *Guz*, 24 Cal. 4th at 327. The result in *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990), is instructive. There, the California court of appeal upheld the dismissal of a claim for breach of the implied covenant of good faith and fair dealing as duplicative of a breach of contract claim, explaining: "If the allegations do not go beyond the

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 13 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* at 1395. This is precisely the case here.

Plaintiff's implied covenant claim rests on the same facts as Plaintiff's claim for breach of contract and seeks the same remedy. Specifically, Plaintiff claims that "Defendant engaged in bad faith acts that prevented and impeded Plaintiff from performing his obligations under the contract" and states that these bad faith acts include "Defendant ignoring all of Plaintiff's requests for the accelerated stock" and "terminating Plaintiff one day before a vesting trigger date." Compl. ¶ 44. This overlaps with Plaintiff's breach of contract claim, alleging the same "harm" in connection with both claims. *Id.* ¶ 42 ("Defendant breached the implied covenant of good faith and fair dealing by breaching the agreement with bad faith and with the motive of intentionally frustrating and preventing Plaintiff from receiving the benefit and enjoyment of their contractual rights.").

Thus, Plaintiff's implied covenant claim adds nothing beyond his breach of contract claim. This renders it superfluous and appropriate for dismissal. *Guz*, 24 Cal. 4th at 352 (affirming dismissal of implied covenant claim because "[t]o the extent the implied covenant claim seeks simply to invoke terms to which the parties did agree, it is superfluous"); *Careau & Co.*, 222 Cal. App. 3d at 1395.

To the extent this claim is based on something other than the contract's terms, that is not clear and, therefore, this claim fails under the standards set forth in *Iqbal* and *Twombly*. Plaintiff asserts a lone, vague allegation that Splunk breached the implied covenant by "terminating Plaintiff one day before a vesting trigger date." Because Plaintiff did not provide any other background for this allegation or include any reference to it in the body of his Complaint, it is difficult to understand if this phrase is a typo or if Plaintiff intentionally included it. Certainly, Plaintiff makes no effort to distinguish this allegation from his breach of contract claim that Splunk failed to accelerate his vesting. Moreover, his sudden shift to asserting that Splunk

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

"terminat[ed]" his employment contradicts the rest of his Complaint where Plaintiff admits he resigned. Compl. ¶ 23. Plaintiff cannot, in good faith, assert that he was "terminated" in this vague allegation when the rest of his complaint makes clear that he resigned.

The Court should dismiss this claim with prejudice.

### C. Plaintiff's Claim for Failure to Pay All Wages Upon Termination of Employment Fails

Plaintiff's First Count alleges that Splunk failed to pay all of Plaintiff's wages upon termination as required under California Labor Code sections 200-202, 218. It is unclear, however, which "wages" Plaintiff claims that Splunk failed to pay him.

To the extent this claim is based on Plaintiff's allegation that Splunk unlawfully failed to accelerate unvested Restricted Stock, then this claim fails for the reasons above. It also fails because Restricted Stock shares are not "wages" as a matter of law. *See IBM v. Bajorek*, 191 F.3d 1033, 1039 (9th Cir. 1999) (stock options are not wages under California Labor Code § 221); *Paolini v. Albertson's Inc.*, 418 F.3d 1023, 1026 (9th Cir. 2005) ("This court has said stock options under California's wage laws are not wages").

Plaintiff's Complaint also contains a vague and conclusory reference to a bonus that was allegedly unpaid, which was purportedly paid on a "quarterly basis." Compl. ¶ 27. Again, because this vague allegation appears for the first and only time at paragraph 27 of his Complaint, it is unclear if this is a typographical error or if Plaintiff intentionally included it. Plaintiff pleads no facts about this alleged "quarterly bonus" anywhere in the rest of the Complaint and his passing reference to the "quarterly bonus" comes out of nowhere in this cause of action, such as what is the source of this bonus (*e.g.,* a contract, policy, etc.), what is required to earn the bonus, or why Plaintiff earned or was entitled to it. Plaintiff's allegation does not satisfy the standards set forth in *Iqbal* or *Twombly*. *See, e.g., Lopez v. Aerotek, Inc.,* 2015 U.S. Dist. LEXIS 97086, *7-9 (C.D. Cal. May 14, 2015) (dismissing California Labor Code claims under *Iqbal/Twombly* standards because Plaintiff's wage claims were conclusory). The Court should dismiss this Count.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 15 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

### D. Plaintiff's Request for Declaratory Relief Fails

In his Fourth Count, Plaintiff seeks a judicial determination that his non-competition agreement is void and unenforceable under California Business & Professions Code section 16600 ("Section 16600"), which bars restraints on trade. Based on the face of the Complaint and documents incorporated therein, however, Plaintiff's request for a declaratory judgment is defective.

California Business and Professions Code section 16601 provides for an exception to Section 16600 where a seller of a business sells all of his ownership interest along with the goodwill of the business. *See Monogram Indus., Inc. v. Sar Indus., Inc.*, 64 Cal. App. 3d 692, 701 (1976). Courts regularly uphold non-compete agreements entered into in connection with the sale of a business under these circumstances to protect a "buyer's interest" in the seller's company. *Id*. Otherwise, it would be unfair for the seller to "engage in competition which diminishes the value of the asset he sold." *Id.* at 698, 701.

Here, Plaintiff sold all of his shares in Caspida when Splunk purchased the business. Ex. 1, p. 1 (Agreement and Plan of Merger) (Splunk purchased 100% of the issued and outstanding shares and options of Caspida). He was one of three founders of Caspida. The Merger Agreement identifies him as among the top three key employees of Caspida. *Id.,* Ex. E. At the time of the sale, he owned approximately 14% of Caspida and was allocated the equivalent amount of the $190 million purchase price. There is no doubt that Plaintiff transferred the goodwill of the business when he sold his shares. *See Vacco Industries, Inc. v. Van Den Berg*, 5 Cal. App. 4th 34, 41, 48 (1992) (sale-of-business non-compete enforced where selling officer of corporation owned less than 3% of the business and received $500,000 of $23 million of the purchase price). Indeed, Plaintiff's 14% interest in Caspida is substantially more than the less than 3% interest the executive held in *Vacco Industries*, yet the court in that case enforced a non-compete against the executive. Accordingly, because Plaintiff's non-competition agreement is valid and enforceable, Plaintiff's claim for declaratory relief fails as a matter of law.

To the extent Plaintiff contends some other aspect of his non-competition agreement is somehow unfair, he does not say what it is. He simply says that it "impose[s] significant

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 16 -

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
3:17-CV-01420-HG

unreasonable burdens as drafted, and create[s] confusion." Compl. ¶ 50.  Plaintiff also claims that the provisions "restrain him from engaging in a lawful profession, trade or business." *Id.*  That is insufficient under *Twombly* because he has not plead any facts to show why the non-compete, which was entered into as part of the acquisition of the business, should not be upheld.  The Court should dismiss this Count on that basis as well.

## VI. <u>CONCLUSION</u>

In light of the foregoing, Splunk respectfully requests that the Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: June 7, 2017

LYNNE C. HERMLE
HANNAH A. WITHERS
Orrick, Herrington & Sutcliffe LLP

By: _____
LYNNE C. HERMLE
Attorneys for Defendant
SPLUNK INC.