United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOS TRYFONAS, | Case No. 17-cv-01420-HSG |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| v. | |
| SPLUNK, INC., | Re: Dkt. No. 20 |
| Defendant. | |

Pending before the Court is Defendant Splunk Inc.'s motion to dismiss. *See* Dkt. No. 20. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I. BACKGROUND

According to the complaint, Plaintiff Christos Tryfonas was a founder and shareholder of Caspida, Inc. *See* Dkt. No. 1 ("Compl.") ¶ 14. In July 2015, Defendant Splunk, Inc. acquired Caspida. *Id.* ¶ 15. As part of the transaction, Defendant hired Plaintiff as an at-will employee. *Id.* ¶¶ 17–18. Plaintiff signed several agreements, including a restricted stock agreement, employment offer letter, non-compete and non-competition agreement ("non-compete agreement"), and a "Support and Holdback Agreement" ("SH" agreement).[1] *Id.* ¶ 17. Part of Plaintiff's compensation included restricted stock in Splunk, Inc. that vested every three months

---

[1] Defendant requests the Court take judicial notice of these agreements. *See* Dkt. No. 21. The Court finds that they are incorporated by reference into the complaint and the Court accordingly **GRANTS** the request for judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

on the tenth of the month. *Id.* ¶¶ 18–19. Under the SH agreement, in the event of a "qualifying termination," 25% of Plaintiff's restricted stock would be subject to an accelerated vesting schedule. *See id.* ¶¶ 19, 22, 37.

Plaintiff alleges that he tendered his resignation on October 31, 2016, due to workplace differences with Defendant, and that he intended to work at Splunk until November 15, 2016. *Id.* ¶ 23. However, Defendant "reject[ed] Defendant's resignation date" and "terminated Plaintiff" on December 9, 2016, "one day before a vesting trigger date" for Plaintiff's restricted stock. *Id.* ¶¶ 24, 44. Plaintiff contends that this constituted a "qualifying termination," but Defendant refused to apply the accelerated vesting schedule. *Id.* ¶¶ 25–26. Plaintiff further alleges that Defendant failed to pay him his bonus at termination, and that Plaintiff did not receive his last paycheck until December 15, 2016. *Id.* ¶¶ 25–27.

Based on these facts, Plaintiff filed this action on March 16, 2017, alleging claims for (1) failure to pay waiting time penalties; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; and (4) declaratory relief. *See* Dkt. No. 1.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court may dismiss a complaint when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must accept all the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 556; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Court is not required to accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). Nor is it required to accept as true

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

**III. ANALYSIS**

Defendant challenges Plaintiff's four causes of action. The Court addresses each in turn.

### A. Breach of Contract[2]

The critical inquiry for purposes of Plaintiff's breach of contract claim is whether the end of Plaintiff's employment constituted a "qualifying termination" that triggered the accelerated vesting schedule for his restricted stock. A "qualifying termination," is defined in the SH Agreement as "a termination of the Stockholder's employment with a Purchaser Employer without cause or by reason of Stockholder's death or disability." Compl. ¶ 20. The SH agreement also lists nine circumstances that constitute "cause." *Id*.

The Court finds that Plaintiff has alleged sufficient facts to state a plausible breach of contract claim. Although the Court is skeptical of Plaintiff's interpretation that a resignation constitutes a "qualifying termination," the Court cannot say at this time that it is implausible or wrong as a matter of law. When a contract is ambiguous, dismissal at the pleading stage is inappropriate. *See Diversified Capital Investments, Inc. v. Sprint Commc'ns, Inc.*, No. 15-CV-03796-HSG, 2016 WL 2988864, at *6 (N.D. Cal. May 24, 2016); *see also TRB Invs., Inc. v. Fireman's Fund Ins. Co.*, 40 Cal. 4th 19, 27 (Cal. 2006) (finding ambiguous a contract that is "capable of two or more constructions, both of which are reasonable"). Moreover, factual questions still remain regarding whether Plaintiff resigned or whether Defendant "rejected" his resignation and terminated Plaintiff. *See* Compl. ¶¶ 24, 44. The Court **DENIES** Defendant's motion to dismiss this claim.

### B. Implied Covenant of Good Faith & Fair Dealing

Under California law, "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (Cal. Ct. App. 2012) (quotation omitted). The implied covenant does not, however,

---

[2] The parties agree that California law governs the interpretation of the SH agreement. *See* Dkt. No. 20 at 11–12; *see also* Dkt. No. 30 at 12–13.

duplicate a breach of contract claim. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 325, 352 (Cal. 2000) ("[W]here breach of an actual [contract] term is alleged, a separate implied covenant claim, based on the same breach, is superfluous."); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1401 (Cal. Ct. App. 1990), *as modified on denial of reh'g* (Oct. 31, 2001) ("[A]s [the plaintiffs] have alleged nothing more than a duplicative claim for contract damages, the trial court was correct in sustaining a demurrer to this count without leave to amend."). It supplements "the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Avidity Partners, LLC v. State*, 221 Cal. App. 4th 1180, 1204 (Cal. Ct. App. 2013) (quotation omitted).

Here, Plaintiff claims that the implied covenant was violated when Defendant terminated Plaintiff the day before a stock vesting date and refused to pay him restricted stock under the accelerated vesting schedule. *See* Compl. ¶¶ 41–45. Plaintiff explicitly states that "Defendant breached the implied covenant of good faith and fair dealing by breaching the agreement with bad faith . . . ." *Id.* ¶ 42. Plaintiff's claim consequently relies on the same acts as his claim for breach of contract. To the extent Plaintiff suggests that his implied covenant claim is also based on Defendant "prevent[ing] and imped[ing] Plaintiff from performing his obligations under the contract," Compl. ¶ 43, Plaintiff has failed to provide any factual support for this conclusory allegation. The Court therefore **GRANTS** the motion to dismiss this claim as duplicative.

### C. Waiting Time Penalties

Plaintiff also seeks waiting time penalties under the California Labor Code for Defendant's alleged failure to pay him restricted stock and at least a portion of a bonus, as well as for Defendant's failure to timely provide Plaintiff his final paycheck. *See* Compl. ¶¶ 24–34. Where an employer "willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). This "waiting time penalty" is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*,

68 Cal. App. 4th 487, 493 (Cal. Ct. App. 1998).

The Court finds that Plaintiff has adequately alleged that he is entitled to waiting time penalties for Defendant's failure to provide him his final paycheck before December 15, 2016. *See* Compl. ¶ 25. Regardless of whether Plaintiff was terminated or resigned, his final paycheck would have been due before December 15, 2016. *See* Cal. Lab. Code §§ 201–202. The Court accordingly **DENIES** Defendant's motion to dismiss this claim.[3]

### D. Declaratory Judgment

Lastly, Defendant moves to dismiss Plaintiff's declaratory judgment claim, which seeks to invalidate the non-compete agreement. Defendant contends that the agreement is valid and enforceable under California Business and Professions Code § 16601.

Under California law, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." *See* Cal. Bus. & Prof. Code § 16600. The California Supreme Court has emphasized that § 16000 "evinces a settled legislative policy in favor of open competition and employee mobility." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (Cal. 2008). Section 16000's broad prohibition, however, is subject to limited statutory exceptions. As relevant here, § 16601 "permits a person who sells the goodwill of a business or all of his shares in a corporation to agree with the buyer not to carry on a similar business *in the area where the business or corporation has previously carried on its business for so long as the buyer carries on a like business therein.*" *Monogram Indus., Inc. v. Sar Indus., Inc.*, 64 Cal. App. 3d 692, 697 (Cal. Ct. App. 1976) (citing Cal. Bus. & Prof. Code § 16601).

Plaintiff responds that the non-compete agreement is too broad to be valid under § 16601

---

[3] Although Plaintiff has stated a claim for waiting time penalties as to his final paycheck, he has not alleged sufficient facts that his unpaid wages should include his bonus or stock. *See* Cal. Lab. Code § 200 (defining "wages"); *cf. Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1021 (N.D. Cal. 2010) (rejecting contention that stock options constituted wages when calculating waiting time penalty as there was no evidence that "any of the stock options were awarded 'for labor performed' during the year on which the penalty calculation [was] based"); *Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 618 (Cal. 2009) (concluding in dicta that "the shares of restricted stock issued to [plaintiff] also constituted a wage").

because it prevents Plaintiff from competing, not only with Caspida's former business, but also with Splunk's "core business that drove the acquisition." *See* Dkt. No. 30 at 18. The purpose of § 16601 is not to bar a seller "from engaging in its business in places where it poses little threat of undercutting the company it sold to the buyer." *Strategix, Ltd. v. Infocrossing W., Inc.*, 142 Cal. App. 4th 1068, 1072–73 (Cal. Ct. App. 2006). Rather, "[s]ection 16601's exception serves an important commercial purpose by protecting the value of the business acquired by the buyer." *Id.* at 1072. Consequently a seller may, consistent with § 16601, agree "not to compete in the field in which both [the buying and selling] companies were engaged." *See Monogram*, 64 Cal. App. 3d at 700–01.

The complaint here is devoid of any factual support for Plaintiff's theory that the non-compete extends beyond the permissible bounds of § 16601, and restricts him from engaging in business that does not "undercut" the business he sold to Defendant. *See* Compl. ¶¶ 49–50. The Court therefore **GRANTS** Defendant's motion to dismiss Plaintiff's declaratory judgment claim.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion as to Plaintiff's implied covenant of good faith and fair dealing claim and his declaratory relief claim, and otherwise **DENIES** the motion in its entirety. Plaintiff has until February 23, 2018, to file an amended complaint, if he can do so consistent with his Rule 11 obligations.

The Court further **SETS** a case management conference on February 27, 2018, at 2:00 p.m. The parties **SHALL** file a joint case management statement by February 20, 2018, including a proposed case schedule through trial.

**IT IS SO ORDERED.**

Dated: 1/24/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge