UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOS TRYFONAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SPLUNK, INC.,<br><br>　　　　　Defendant. | Case No. 17-cv-01420-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 19 |

Pending before the Court is Defendant Splunk Inc.'s motion to seal. *See* Dkt. No. 19. For the reasons detailed below, the Court **GRANTS** the motion.

I. **LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at

1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Because the motion to dismiss and the employment agreements at issue in the motion are more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the motion to seal.

## II. ANALYSIS

Defendant seeks to redact Exhibits 1–4 to the Declaration of Hannah A. Withers, filed in support of Defendant's motion to dismiss Plaintiff's complaint, because they contain proprietary information regarding the merger between Caspida, Inc. and Defendant, as well as Defendant's

2

related business strategy. *See* Dkt. No. 19-6 (Declaration); *see also* Dkt. Nos. 20 (motion), 21 (request for judicial notice). Upon review of the Declaration of Weilyn Wood, Dkt. No. 19-1, the Court finds that the public disclosure of such information would result in harm to Defendant's business. Compelling reasons therefore exist to keep this information under seal.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to seal. Exhibits 1–4 to the declaration of Hannah A. Withers, filed in support of Defendant's motion to dismiss, shall remain sealed. Dkt. Nos. 19-2–19-5.

**IT IS SO ORDERED.**

Dated: 1/24/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge